IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL R. CUNNINGHAM, II,

                   Plaintiff,

     v.                                           CASE NO. 19-3042-SAC

FRANKLIN COUNTY JAIL, et al.,

                   Defendants.

## MEMORANDUM AND ORDER

Plaintiff Michael R. Cunningham II, currently a prisoner at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*.

### Nature of the Matter before the Court

Plaintiff alleges he was subjected to cruel and unusual punishment and his right to equal protection was violated while he was an inmate at the Franklin County Detention Center (FCDC). Plaintiff was remanded to the custody of FCDC on January 4, 2019, after his arrest. He was placed in solitary confinement on February 14, 2019, after he repeatedly requested to be housed alone and was injured by another inmate. ECF No. 1 at 1; *see* Case No. 19-3030-SAC, also filed by Plaintiff and pending in this Court. His cell did not have a desk or table so he had to sit on the concrete floor and write on his bed. Plaintiff alleges that as a result of having to sit on the floor, he suffered back and hip pain, as well as emotional distress. He repeatedly requested a table, but his requests were denied.

1

Plaintiff names as defendant Lieutenant Curtis Hall. Plaintiff seeks compensatory damages totaling $10,000.

**Procedural Status**

By order dated May 8, 2019, the Court directed Plaintiff to show cause why his complaint should not be dismissed for failure to state a claim of a constitutional violation. The Court found that the conditions of which Plaintiff complained (the lack of a desk or table in his cell) did not rise to the level of a constitutional violation. The Court further found the Franklin County Detention Center was an improper defendant to a § 1983 action and was subject to dismissal.

Plaintiff proceeded to file numerous responses to the show cause order. He also filed an amended complaint (ECF No. 12), wherein he dropped FCDC as a defendant and added a claim for violation of his "Eighth Amendment right to fair and equal treatment." ECF No. 12 at 6. Plaintiff then filed a request asking to amend his amended complaint to clarify that the right to fair and equal treatment arises from the Fourteenth Amendment. ECF No. 15.

At this point, the remaining defendant, Curtis Hall, filed a motion to dismiss for failure to state a claim and a memorandum in support. ECF Nos. 17 and 18. Defendant Hall also asked the Court to consolidate this case with another case filed by Plaintiff naming Hall as defendant. ECF No. 19.

Plaintiff has filed responses to both of Defendant's motions, Defendant has filed a reply to Plaintiff's response to the motion to dismiss, and Plaintiff has filed two surreplies. Defendant has also filed a motion to strike Plaintiff's surreply (ECF No. 25), a motion to strike a supplement to the amended complaint filed by Plaintiff (ECF No. 27), and a motion to strike a second surreply filed by Plaintiff (ECF No. 36).

**Motion to Dismiss**

Defendant Hall argues the complaint should be dismissed because the conditions Plaintiff alleges do not constitute cruel and unusual punishment under the Eighth Amendment. Defendant further argues that he is entitled to qualified immunity.

**Plaintiff's Responses to the Show Cause Order and the Motion to Dismiss**

In his multiple responses to the show cause order and to the motion to dismiss, Plaintiff's primary argument is that he suffered pain, torture, and mental distress as a result of having to sit on the concrete floor and use his bed as a desk. He further argues Defendant's intent in depriving him of a desk was malicious, and he responded spitefully to Plaintiff when he complained about the conditions.

**Legal Standards**

**Rule 12(b)(6)**

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When applying this standard, a court must accept as true all well-pleaded factual allegations and then ask whether those facts state a plausible claim for relief. *See id.* at 679. Viewing the complaint in this manner, the Court must decide whether the plaintiff's allegations give rise to more than speculative possibilities. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

**Qualified Immunity**

Qualified immunity protects public officials who are required to exercise their discretion, shielding them from personal liability for civil damages. *Apodaca v. Raemisch*, 864 F.3d 1071, 1075-76 (10th Cir. 2017) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982)). When a defendant asserts a qualified immunity defense, the plaintiff has a "heavy two-part burden" of establishing "(1) that the defendant's action violated a federal constitutional or statutory right; and (2) that the right violated was clearly established at the time of the defendant's actions." *Grissom v. Roberts*, 902 F.3d 1162, 1167 (10th Cir. 2018) (internal quotation marks omitted). Failure to satisfy either prong of this test will result in a grant of qualified immunity to the defendant. *Id.* In other words, if the right is not clearly established, a court may find qualified immunity without deciding the constitutionality of the conduct. *Apodaca,* 864 F.3d at 1076 (citing *Pearson v. Callahan*, 555 U.S. 223, 236–42 (2009))*.*

Qualified immunity defenses are typically resolved at the summary judgment stage. However, district courts may grant motions to dismiss on the basis of qualified immunity. *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). "Asserting a qualified immunity defense via a Rule 12(b)(6) motion, however, subjects the defendant to a more challenging standard of review than would apply on summary judgment." *Peterson v. Jensen,* 371 F.3d 1199, 1201 (10th Cir. 2004); *see also Behrens v. Pelletier,* 516 U.S. 299, 309 (1996) ("At [the motion to dismiss] stage, it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal reasonableness.' On summary judgment, however, the plaintiff can no longer rest on the pleadings,

and the court looks to the evidence before it (in the light most favorable to the plaintiff) when conducting the [qualified immunity] inquiry." (citations omitted) (emphasis in original)).

Whether a right is "clearly established" is an objective test: "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Stearns v. Clarkson,* 615 F.3d 1278, 1282 (10th Cir. 2010)). "In order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Id.*.

## Discussion

**Eighth Amendment**

The Eighth Amendment prohibition against cruel and unusual punishment has been found by the Supreme Court to require prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).[1] However, the Supreme Court has also found that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities

---

[1] For some of the time period Plaintiff has been without a table, it appears he was not a convicted prisoner but was a pretrial detainee. Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment. *See Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979). In determining whether Plaintiff's rights were violated, however, the analysis is identical to that applied in Eighth Amendment cases brought pursuant to § 1983. *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998); *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001).

In order to state a claim of cruel and unusual punishment under the Eighth Amendment, Mr. Cunningham has to "make two plausible allegations: (1) the conditions were "'sufficiently serious' to implicate constitutional protection and (2) [Defendant Hall] acted with 'deliberate indifference' to [the plaintiff's] health," meaning he knew of and disregarded an excessive risk to Plaintiff's health or safety. *Apodaca*, 864 F.3d at 1077 (quotations omitted); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).

In its show cause order, the Court found that Plaintiff failed to demonstrate that the lack of a table subjected him to a substantial risk of serious harm. Nothing Plaintiff has filed since then convinces the Court otherwise. Moreover, even if Defendant responded to Plaintiff unprofessionally or maliciously, the lack of a table cannot be said to pose an excessive risk to Plaintiff's health or safety. The condition of which Plaintiff complains is simply not sufficiently serious to rise to the level cruel and unusual punishment. Plaintiff's complaint does not state a claim for an Eighth Amendment violation.

**Equal Protection**

Plaintiff's original complaint did not allege an equal protection violation. After the Court issued its show cause order, Plaintiff filed a first amended complaint (ECF No. 12) wherein he claimed his "Eighth Amendment right to fair and equal treatment" had been violated as a result of not having a table or desk. Approximately three weeks later, he filed a request to amend his amended complaint because he discovered the right to fair and equal treatment arises under the

Fourteenth Amendment Equal Protection Clause. *See* ECF No. 15. Because this filing was more of a clarification of his amended complaint and in recognition of Plaintiff's pro se status, the Court excuses Plaintiff from the requirements of D. Kan. Rule 7.1 and considers the equal protection claim.

The Equal Protection Clause requires that "all persons similarly circumstanced shall be treated alike." *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920); *Fogle v. Pierson*, 435 F.3d 1252, 1260 (10th Cir.), *cert. denied*, 549 U.S. 1059 (2006)("Equal protection is essentially a direction that all persons similarly situated should be treated alike."); *Grace United Methodist Church v. City of Cheyenne*, 427 F.3d 775, 792 (10th Cir. 2005). An equal protection violation occurs when the government treats someone differently from another person who is similarly situated, without adequate justification for the difference in treatment. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1118 (10th Cir. 1991). Therefore, in order to succeed on an equal protection claim, Plaintiff must allege that he was "similarly situated" to other inmates, and that the difference in treatment was not "reasonably related to legitimate penological interests." *Fogle*, 435 F.3d at 1261 (citing *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998); *Turner v. Safley*, 482 U.S.78, 89 (1987)); see also *Rider v. Werholtz*, 548 F.Supp.2d 1188 (D.Kan. 2008)(citing *Riddle v. Mondragon*, 83 F.3d 1197, 1207 (10th Cir. 1996)). A plaintiff alleging an equal protection violation must present specific facts which demonstrate that a "discriminatory purpose" was a motivating factor in the disparate treatment attached in the complaint. *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988); *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979).

The requirement to show that an inmate is "similarly situated" to other inmates is arduous, if not impossible, as the Tenth Circuit Court of Appeals noted in *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994)("it is 'clearly baseless' to claim that there are other inmates who are similar in every relevant respect"); see also *Fogle*, 435 F.3d at 1261 (quoting *Templeman* in affirming dismissal of an equal protection claim).

Plaintiff has not demonstrated that he was similarly situated to other inmates who had desks. Plaintiff was in a solitary cell. A segregated inmate is "by definition, not similarly situated to general population inmates during his time in administrative segregation." *Fogle*, 435 F.3d at 1261. Therefore, the question becomes whether Plaintiff was treated differently than other segregated inmates. Plaintiff admits he was not, stating, "At the time of Plaintiff's incarceration, none of the solitary confinement cells had furnished a desk" (ECF No. 22, at 3), and "Solitary cells here at the jail have never furnished a desk or table" (ECF No. 1, at 2).

Plaintiff fails allege he was treated differently than other similarly situated inmates. As a result, he fails to state a claim for violation of his equal protection rights under the Fourteenth Amendment.

**Qualified Immunity**

Because one of the elements Plaintiff must show to overcome a qualified immunity defense is a constitutional violation, and because Plaintiff has failed to demonstrate that his constitutional rights have been violated, Defendant is entitled to qualified immunity. Therefore, Plaintiff's claims against him must be dismissed.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 17) is **granted**. The amended complaint is dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Amended Complaint (ECF No. 15) is **granted**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Consolidate Cases (ECF No. 19) is **denied** as moot.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Surreply (ECF No. 25) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Supplement to Amended Complaint (ECF No. 27) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Response to Motion (ECF No. 36) is **denied**.

**IT IS SO ORDERED.**

DATED: This 25th day of February, 2020, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**